IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREG HUDALLA, <br><br> Plaintiffs, <br><br> v. <br><br> WALSH CONSTRUCTION COMPANY, <br><br> Defendant. | No. 05-cv-5930 <br><br> Judge Kennelly |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE**

Defendant Walsh Construction Company, by and through its attorneys Matthew P. Walsh, John E. Sebastian and Justin M. Penn, and for its Motion to Dismiss pursuant to Federal Rule 12(b)(6) or, in the Alternative, to Strike Paragraph 32 pursuant to Federal Rule 12(f) states as follows:

**INTRODUCTION**

Greg Hudalla ("plaintiff" or "Hudalla") was hired by a developer to oversee a publicly funded development project named the South Park Plaza Project (the "Project"). The developer publicly bid the Project and selected Walsh Construction Company ("defendant" or "Walsh") as the general contractor on the re-development Project. Walsh completed the Project, the developer accepted the Project as complete in accordance with the contract documents, Walsh provided the developer an independent, third party, audited accounting of the cost of construction, and the developer paid Walsh in full.

Hudalla's Complaint asserts three claims under the False Claims Act, 31 U.S.C. § 3730, *et seq.*, for alleged manipulation of invoice amounts submitted to the government for reimbursement on the Project. However, paragraph 32 of Hudalla's Complaint, made "upon information and belief," impermissibly attempts to expand the issues and scope of discovery in this case well beyond any claims within his own knowledge for the Project. Paragraph 32 makes sensational claims about Walsh's actions on other unrelated projects completed by Walsh, and impermissibly seeks to expand the scope of this case greatly beyond any specific amounts for which the plaintiff has personal knowledge. In light of Rule 9(b)'s heightened pleading standard and controlling authority Hudalla's Complaint should be dismissed. At a minimum, paragraph 32 of Hudalla's Complaint should be stricken as it amounts to nothing more than a sham allegation.

## ALLEGATIONS IN COMPLAINT

In 2002, the City of Chicago began a development project called South Park Plaza ("the Project").[1] (Compl.,¶8). The Project was funded by local, state, and federal funds. (Compl.,¶10). Woodlawn Community Development Corporation ("WCDC"), the developer for the Project, hired plaintiff Hudalla to oversee the Project. (Compl.,¶13). In December 2002, after publicly bidding the project to various contractors WCDC selected Walsh to act as the general contractor for the Project, with Walsh to negotiate

---

[1] Defendant recites the allegations of the complaint for purposes of this motion only. Defendant does not agree with plaintiff's allegations nor concede that they allege accurate facts.

2

6404339v1 026

contracts with subcontractors and collect the fees for all work on the Project. (Compl.,¶¶15-18).

The Project is now complete, the Developer has accepted the Project, and Walsh has presented applications for payment. (Compl.,¶8). Hudalla alleges that Walsh manipulated the figures on those applications for payment to allow Walsh to collect funds that had either already been paid or to which Walsh was not entitled to collect. (Compl.,¶¶21-24). Hudalla further alleges that:

> By reason of the violation of [the False Claims Act concerning the Project], and given the sheer number of other government financed construction projects for which Walsh serves as general contractor, including, but not limited to, the federally financed construction projects known as Westhaven, Park Boulevard, Park Crescent and Altgeld Gardens, and the manner in which Walsh "accounts" for its costs, expenses and fees, Walsh has, **upon information and belief**, knowingly or recklessly damaged the United States Government in an as yet undetermined about but, in any event, in excess of $5,000,000.

(Compl.,¶32)(emphasis added). All three counts of Hudalla's Complaint, in the aggregate, seek damages of in excess of $6,300,000. Only $1,300,000 is attributable to the Project in which Hudalla was involved. (Compl.,¶¶31-2, 34, 36).

6404339v1 026

**ARGUMENT**

A. *Hudalla has not and cannot allege with sufficient particularity any fraud concerning Westhaven, Park Boulevard, Park Crescent and Altgeld Gardens, or other publicly funded projects.*

The False Claims Act is an anti-fraud statute and claims under it are subject to the heightened pleading standard of Rule 9(b). *United States ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 740 (7th Cir. 2007), quoting *United States ex rel. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005) (additional citation omitted). Rule 9(b) requires that "[i]n all averments of fraud …, the circumstances constituting fraud … shall be stated with particularity." Fed R. Civ. P. 9(b). The heightened pleading standard requires the plaintiff to do more than the usual investigation before filing his complaint. *Fowler*, 496 F.3d at 730. A complaint alleging fraud must provide the "who, what, when, where, and how." *Id*. (citations omitted).

"Rule 9(b)'s directive that 'the circumstances constituting fraud or mistake shall be stated with particularity' does not permit a False Claims Act plaintiff merely to describe a private scheme in detail, but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006), quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002), quoting Rule 9(b). The Court "cannot make assumptions about a False Claims Act defendant's submission of

actual claims to the Government without stripping all meaning from Rule 9(b)'s requirement of specificity or ignoring that the 'true essence of the fraud' of a False Claims Act action involves actual claim for payment… ." *Id.*

All three counts in Hudalla's Complaint seek to recover for purported submissions by Walsh of false claims in the Westhaven, Park Boulevard, Park Crescent and Altgeld Gardens. Yet the Complaint is entirely devoid of any specific submissions with respect to those projects. Hudalla simply asks this Court to assume that false submissions were made based upon his naked assertion made upon information and belief that Walsh has knowingly made other improper submissions "in an as yet undetermined about but, in any event, in excess of $5,000,000." (Compl.,¶32). This allegation is exactly the type of claim that the *Atkins* court cautioned would strip all meaning from Rule 9(b)'s requirement of specificity. The False Claims Act requires an actual claim of payment, and Rule 9(b) requires that these claims be specifically pled.

Hudalla's attempt to expand the scope of his claims into areas upon which he has no personal knowledge is also contrary to Congress' intent in enacting the False Claims Act. The Seventh Circuit examined the False Claims Act's jurisdictional limit directing district courts not to permit False Claims Act matters that arise out of information disclosed by a defendant. The Seventh Circuit explains that in enacting the False Claims Act, "Congress wants insiders to come forth with information about fraudulent claims when this information is not otherwise publicly available … Congress does not

5

want self-serving opportunists, who do not possess their own insider information, to get in on the action and try to collect on parasitic claims… ." *Fowler*, 496 F.3d at 739.

This Court should not allow Hudalla to bring claims about which he obviously has no insider information. Hudalla has not alleged, and indeed cannot allege any information concerning the submission of any false claims on projects that he did not oversee. It is incumbent on Hudalla to specifically allege what submissions were actually made to the Government. Hudalla cannot be permitted to take discovery on every publicly funded project that Walsh was involved in, and his Complaint seeks to do exactly that. Hudalla cannot be allowed to pursue claims that are factually and legally baseless bare assertions in order to invoke the False Claims Act. To do so would circumvent controlling authority. Accordingly, the Complaint must be dismissed.

> B. *At a minimum, Paragraph 32 of Hudalla's Complaint should be stricken because it is pled on information and belief, fails to identify on what information it relies, and amounts to nothing more than a sham allegation.*

Paragraph 32 of Hudalla's Complaint seeks to expand the scope of this lawsuit to every publicly funded project on which Walsh worked. However, the paragraph is made upon information and belief, without alleging what information Hudalla possesses upon which his belief relies. He has not alleged with specificity which false submissions were made on which federally funded projects. Rather, he asserts that given the sheer number of governmentally funded projects on which Walsh works, it must have made false submissions. However, this allegation amounts to nothing more

6

than a sham allegation seeking to expand the scope of this case well beyond the facts about which Hudalla allegedly possesses personal knowledge.

A district court may strike allegations that it determines are false or a sham. See Hon. William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*, § 9:223.5 (2006), citing *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (9th Cir. 1998)(A trial court has authority to strike pleadings that are "false and sham"); see also *Ellison v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329-30 (9th Cir. 1981)(Based upon Fed R. Civ. P. 11). Hudalla has not alleged and cannot allege that he worked on any other projects with Walsh. Accordingly, this Court should strike Paragraph 32 since it is only a sham allegation that impermissibly seeks $5,000,000 in damages that plaintiff has not and cannot ever support.

## CONCLUSION

The False Claims Act was enacted to permit an individual with insider knowledge to essentially blow the whistle on specific improper submissions. The False Claims Act is not a tool to allow Hudalla to harass Walsh and review every publicly funded project on which it worked. Walsh denies that it violated the False Claims Act with respect to the Project on which Hudalla worked, and Walsh will prove that there was no wrongdoing in due course. In the meantime, Rule 9(b) and Congress' intent in enacting the False Claims Act mandate that Walsh only be required to defend those purportedly false submissions that Hudalla has alleged with particularity.

WHEREFORE, Defendant Walsh Construction Company respectfully request that this court dismiss Plaintiff's Complaint with prejudice or, in the alternative that it strike Paragraph 32 of Hudalla's Complaint, and for such further relief as this court deems appropriate and just.

Respectfully submitted,

By: s/*Justin M. Penn*
Justin M. Penn

Counsel for defendant.

Matthew P. Walsh
John E. Sebastian
Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that I filed this Notice and the document referenced herein through the Court's ECM/CF system, which will cause electronic notification of this filing to be sent to all counsel of record on January 29, 2009.

                                                      s/Justin M. Penn
                                                     Justin M. Penn

6404339v1 026