# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5930 | **DATE** | 6/23/2009 |
| **CASE TITLE** | US ex rel. Hudalla vs. Walsh Construction Co. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendant's motion to dismiss or in the alternative to strike [docket no. 33]. The status hearing date of July 23, 2009 is vacated and advanced to July 7, 2009 at 9:30 a.m., so that the Court and the parties can address whether this ruling affects the discovery schedule previously set in this case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Greg Hudalla has brought this *qui tam* action on behalf of the United States under the False Claims Act, 31 U.S.C. § 3730(b) (FCA), against Walsh Construction Company. Walsh has moved to dismiss, or in the alternative to strike, portions of Hudalla's amended complaint under Federal Rules of Civil Procedure 9(b), 12(b)(6) and 12(f). For the following reasons, the Court denies the motion.

When considering a motion to dismiss, the Court must accept well-pleaded allegations as true and draw reasonable inferences in favor of the plaintiff. *Newell Operating Co. v. Int'l Union of United Auto., Aerospace, and Agr. Implement Workers of Am.*, 538 F.3d 583, 587 (7th Cir. 2008). The following facts are taken from Hudalla's complaint.

Walsh provided general contracting services to the federal government for construction projects at housing developments including South Park Plaza, Westhaven, Park Boulevard, Park Crescent and Altgeld Gardens. Walsh hired Hudalla as a project supervisor for South Park Plaza. During his employment, Hudalla noticed what he believed to be unauthorized charges billed to the government. He alleges that when he inquired about the unauthorized charges, Walsh supervisory personnel informed him that the billing method was part of how Walsh "does business" with the government. Hudalla alleges several specific instances of false claims made by Walsh in connection to South Park Plaza. With respect to the other projects, Hudalla alleges "on information and belief"—based on the aforementioned statements by Walsh supervisors—that Walsh submitted other false claims to the government for payment on other projects.

Walsh contends that Hudalla's allegation concerning construction projects other than South Park Plaza fail to allege fraud with the requisite particularity. Generally, an FCA relator must allege specific examples of false claims submitted for payment in order to comply with the heightened pleading requirements of Rule 9(b). *United States* ex rel. *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003). This requirement is

**STATEMENT**

relaxed, however, when the relator lacks access to the facts necessary to detail his claim. *See Corley v. Rosewood Care Ctr., Inc.,* 142 F.3d 1041, 1051 (7th Cir. 1998). "Rule 9(b)'s requirements can be fulfilled by pleading facts on information and belief if they are facts inaccessible to the plaintiff, in which event he has to plead the ground for his suspicions." *Id.*

It is undisputed that Hudalla did not have access to records pertaining to Walsh projects other than South Park Plaza. And he has alleged that his superiors at Walsh informed him that the allegedly unauthorized billing of certain expenses to the government was standard operating procedure for Walsh. These allegations are sufficient to meet the requirements of Rule 9(b).

For these reasons, the Court denies defendant's motion to dismiss or in the alternative to strike [docket no. 33].