IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex. rel. GREG HUDALLA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 05 C 5930 |
| ) | |
| WALSH CONSTRUCTION COMPANY, ) | Judge Matthew F. Kennelly |
| an Illinois Corporation, ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Defendant, Walsh Construction Company ("defendant" or "Walsh"), by and through its attorneys, Matthew P. Walsh, John Sebastian, and Justin M. Penn, and plaintiff, Greg Hudalla, through his attorneys Shelly Kulwin and Jeff Kulwin, respectfully request that this court enter a Stipulate Protective Non-Waiver Order in the form of the document attached hereto as Exhibit A, and in support of this motion, defendant states:

1.    The parties jointly desire to enter into protective order in this case, and the parties have jointly prepared the proposed Stipulate Protective Non-Waiver Order ("Protective Order") attached hereto as Exhibit A.

2.    As explained in the proposed Protective Order, the categories of documents which may be deemed confidential are limited to personnel files, construction bid documents, estimating documents, engineering documents,

6484364v1  895084  54316

architectural documents and drawings, financial and accounting spreadsheets, company manuals, project accounting manuals, project management manuals, computer software manuals, safety manuals, project operations manuals, and proprietary software programs.

3. Confidentiality is necessary in each of the above categories of documents because the information is proprietary and not available in the public record. Disclosing such information in the public record would expose defendant to risk in its competitive business.

4. The proposed Protective Order also provides that prior to filing any confidential information under seal, a party must file an appropriate motion seeking leave to file confidential information under seal, including an explanation of how the documents meet the legal standards for filing sealed documents.

5. The only paragraph in the attached Protective Order about which the parties cannot agree is Paragraph 13, as the parties have different interpretations of the new Federal Rule of Evidence 502.  The parties have proposed the following two provisions:

- plaintiff proposes "Pursuant to F.R.E. 502, and in the event of the legitimate inadvertent disclosure of attorney-client privilege or work product materials, the parties may seek the entry of a F.R.E. 502 order in which the court will order that the disclosure or production of such information is protected by the attorney-client privilege or work product protection and that the production of such information does non constitute a waiver of the privilege or protection in accordance with F.R.E.

502. The parties may oppose the entry of, or seek modification of, any future Rule 502 order entered in this matter;" and

- defendant proposes "Pursuant to F.R.E. 502, the parties having jointly requested the entry of such an F.R.E. 502 order, the court expressly orders that the inadvertent disclosure or production of any information in any form or format at any time during the course of this litigation that is protected by attorney-client privilege or work product protection does non constitute a waiver of the privilege or protection."

6.  The crux of the parties' disagreement is whether the new Rule 502 precludes a finding now concerning inadvertant disclosures or whether the Rule contemplates the parties coming back into court after inadvertant disclosures of otherwise confidential information.

7.  The parties agree to abide by whichever language this Court decides, and the parties believe the Court should decide this disagreement in light of the novel rule.

WHEREFORE, defendant, Walsh Construction Company and plaintiff Greg Hudalla respectfully requests that this Honorable Court enter an the proposed

Stipulated Protective Non-Waiver Order, in the form attached hereto as Exhibit A, with the language this Court deems appropriate for Paragraph 13.

        Respectfully submitted,

        By: s/ Justin M. Penn
            One of the Attorneys for
            Defendant,
            WALSH CONSTRUCTION COMPANY

Matthew P. Walsh, II
Justin M. Penn
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

        By: s/ Shelly B. Kulwin
            One of the Attorneys for
            Plaintiff,
            GREG HUDALLA

Shelly B. Kulwin
Jeffrey R. Kulwin
Kulwin, Masciopinto & Kulwin, LLP
161 North Clark Street
Suite 2500
Chicago, IL 60601
(312) 641-0300

**CERTIFICATE OF SERVICE**

    I, the undersigned, certify that I filed this Joint Motion for Entry of a Protective Order through the Court's ECM/CF system, which will cause electronic notification of this filing to be sent to all counsel of record on September 18, 2009.

                                      s/Justin M. Penn
                                      Justin M. Penn

6484364v1 895084 54316